# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** vs. **AMANDRA HEFFELFINGER (2)** **JENNIFER BLAKE (3)** **Defendants.** | **CASE NO. 2:25-cr-164(2–3)** **JUDGE EDMUND A. SARGUS, JR.** |

## ANTICIPATORY MOTION FOR REVIEW AND REVOCATION OF RELEASE ORDER

*Background.* On October 2, 2025, a Grand Jury in this District returned an Indictment charging three Defendants, including Amandra Heffelfinger and Jennifer Blake, with the following drug-trafficking crimes: Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of, among other statutes, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 [Count 1]; Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) [Counts 2 and 4]; Distribution of Cocaine and Alprazolam, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(2) [Count 3]; and Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) [Count 5].

On October 6, 2025, Defendants Heffelfinger and Blake were arrested at their house in Lebanon, Oregon. It is the Government's understanding that their initial appearance will be in the District of Oregon today, October 6, 2025, at approximately 2 p.m. PST/5 p.m. EST. (*See, e.g.*, Case No. 6:25-mj-286 (D. Oregon) (docket regarding Heffelfinger's arrest.) It is further the Government's understanding the Defendants are likely to be released subject to conditions today. The Government has asked the AUSA in Oregon to seek a stay of any release order; it is the

1

Government's understanding that any such stay is not guaranteed.

This is a case that carries with it *five* different charges that have a presumption in favor of detention, including four charges that carry a mandatory minimum term of imprisonment: Count 1 (10 years), Counts 2 and 4 (5 years), and Count 5 (10 years). This case involves the Defendants, including Heffelfinger and Blake, selling mandatory minimum amounts of methamphetamine via a website and then shipping those drugs all over the country. It also involves them having access to hundreds of thousands of dollars of cryptocurrency.

Based on the above, and given that the initial appearance and initial detention decision will come after business hours on the east coast, the Government in the Southern District of Ohio now files this motion seeking the following: (1) *if* the Magistrate Judge in Oregon orders the Defendants, or any of the Defendants, released pending trial, the Government seeks an order that revokes the Magistrate Judge's release order and requires that the Defendants be detained pending trial; and (2) *if* the Magistrate Judge in Oregon denies the Government's request for a stay, the Government seeks, at a minimum, that this Court issue a stay of the Magistrate Judge's release order so that the parties and the Court may handle the issue of detention in the charging District.

***The Government's Motion: The Defendants Should Be Detained Pending Trial.*** This Court reviews a magistrate judge's detention order de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000). Judicial officers must order pretrial detention upon a finding that no condition or combination of conditions of release will reasonably assure either the defendant's appearance or the safety of the community. 18 U.S.C. § 3142(e). Judges shall consider several factors in making this determination, including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to the community that the

2

defendant's release would pose. *Id.* § 3142(g); *Yamini*, 91 F. Supp. 2d at 1126–27. Moreover, and notable in this case, a grand jury indictment is sufficient to establish probable cause to believe that a person has committed the crime specified in the indictment. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

Here, there is no condition or combination of conditions of release that will reasonably assure the safety of the community.

First, the Defendants are charged in a drug-trafficking conspiracy that includes an amount of methamphetamine sufficient to trigger a mandatory-minimum term of imprisonment of at least 10 years. (*See* Doc. 1 ¶¶ 1, 5.) There is therefore a presumption in favor of detention in this case. *See* 18 U.S.C. § 3142(e)(3)(a). This statutory presumption "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). To the Government's knowledge, the Defendants have not and will not put forth evidence to rebut that presumption. That is enough to order the Defendant detained. *See United States v. Crumpler*, No. 20-3270, 2020 U.S. App. LEXIS 20193, at *2 (6th Cir. June 26, 2020) (noting that "the defendant must produce evidence that she is neither a danger to the community nor a flight risk"); *United States v. Hernandez*, No. 1:02-CR-006, 2002 U.S. Dist. LEXIS 26904, at *5 (E.D. Tenn. Feb. 27, 2002) (explaining that defendant bears burden of producing "probative, credible evidence" to rebut presumption in favor of detention); *see also United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (even if defendant satisfies burden of production, presumption in favor of detention "remains a factor to be considered among those weighed by the district court").

The circumstances of this case further compel detention. During the course of the investigation, law enforcement engaged in four undercover buys that involved purchasing drugs

3

from the online website known as Rocky Mountain Connections. (*See, e.g.*, Ex. 1 ¶¶ 5–10.) All four purchases were shipped from western, Oregon. Two of the purchases were for mandatory minimum amounts of methamphetamine—one for approximately 420 grams of meth in or around June of 2025, and one for approximately 900 grams of meth in or around August of 2025. (*See id.* ¶¶ 7–8.) On or about August 18, 2025, which is the day law enforcement purchased the roughly 900 grams of meth from Rocky Mountain Connections, law enforcement watched Heffelfinger and Blake drive to multiple post offices in western Oregon and drop off multiple tote bags' worth of packages. (*See, e.g., id.* ¶ 26.) Two of the packages that Heffelfinger and Blake dropped off contained controlled substances (*see id.* ¶ 27), corroborating the rest of the investigation, which demonstrated that Heffelfinger and Blake ship drugs all over the country on behalf of Rocky Mountain Connections (*see, e.g., id.* ¶ 28).

Additional circumstances further point to detention. The investigation has indicated that both Heffelfinger and Blake are school psychologists, employed in school districts in Oregon. In other words, they are serious drug dealers who interact with children. The Defendants also have access to large amounts of cryptocurrency. Between approximately January of 2025 and July of 2025, Blake deposited more than $45,000 worth of cryptocurrency-to-cash to her bank account— above and beyond her normal school psychologist salary. (*Id.* ¶ 20.) And, between approximately January of 2025 and July of 2025, Heffelfinger deposited more than $65,000 worth of cryptocurrency-to-cash to her bank account—above and beyond her normal school psychologist salary. (*Id.*)

Moreover, on October 6, 2025, Heffelfinger and Blake's residence was searched at the time of their arrest. It is the Government's understanding that, during the search, law enforcement found: roughly 20 additional pounds of suspected methamphetamine pills; roughly 20 additional

4

pounds of what appeared to be Xanax bars (the bars appeared to be pressed/counterfeit; these bars are consistent with prior bars bought from the Defendants during the investigation that tested positive for meth); at least a kilo of suspected cocaine; and other amounts of ketamine, mushrooms, LSD, and THC products, among other narcotics.  In addition, Jennifer Blake's phone indicated that she had access to roughly $300,000 worth of cryptocurrency.

In short, there is a presumption in favor of detention.  The Defendants have not, to the Government's knowledge, rebutted that presumption.  The Defendants are large-scale narcotics traffickers with access to large amounts of cryptocurrency.  They work with children as part of their jobs.  They remain a danger to the community and they should be detained pending trial.

The Defendants also pose a risk of non-appearance.  They have no ties to the District of charging.  They are well resourced.  They have access to large amounts of cryptocurrency, which is nearly untraceable.  To that end, they have moved more than $100,000 worth of drug money from Bitcoin to Monero during the conspiracy; Monero is extremely difficult for law enforcement to trace.  And they have a tremendous incentive to flee, given that they are facing a high sentence if convicted.  For these reasons, they pose a risk of nonappearance and they should therefore be detained.

***The Government's Motion: Ordering a Stay of the Defendant's Release.***  The Government believes the Defendants to be a danger to the community and a flight risk, and that they should therefore be detained.  If the Defendants are ordered release, the Government seeks a revocation of the release order.  If the Magistrate Judge in Oregon denies the Government's forthcoming request for a stay of the release order, the Government requests that the Court stay the Magistrate Judge's release order.  Doing so would ensure proper weighing of the interests in the District of charging, including the Government's interests in ensuring the Defendants' presence

5

for trial and in preventing any harm to the public.

                    Respectfully submitted,

                    DOMINIC S. GERACE II
                    United States Attorney

                    s/ S. Courter Shimeall
                    S. COURTER SHIMEALL (0090514)
                    Assistant United States Attorneys
                    303 Marconi Boulevard, Suite 200
                    Columbus, Ohio 43215
                    Office: (614) 469-5715
                    E-mail: Courter.Shimeall@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 6th day of October, 2025, electronically upon all counsel of record, via the Court's electronic filing system.  Moreover, the Government in the Southern District of Ohio has requested the Government in Oregon send a file-stamped copy of the above filing to counsel for the Defendants in Oregon.

    s/S. Courter Shimeall
    S. COURTER SHIMEALL (0090514)
    Assistant United States Attorney